# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**SANDRA L. DONELSON,**

    Plaintiff,

        v.                               **Civil Action No. 2:14-CV-4**
                                         **The Honorable John Preston Bailey**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security**,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 16]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Seibert filed his R&R on September 23, 2014, wherein he recommends that the Defendant's Motion for Summary Judgment be granted, and the Plaintiff's Motion for Summary Judgment be denied. The plaintiff timely filed Objections to the R & R [Doc. 17]. For the reasons set forth below, this Court adopts Magistrate Judge Seibert's R&R.

## I. BACKGROUND

Plaintiff applied for both Social Security disability benefits and supplemental security income on December 22, 2010, and January 3, 2011, respectively. Both claims were denied on April 20, 2011, and again upon reconsideration on May 20, 2011. [Doc. 9 at 17]. Plaintiff appealed this decision to the Appeals Council, which denied plaintiff's request for

1

review. [Doc. 9 at 8-10]. Plaintiff requested a hearing, which was held via video on September 20, 2012.

In his opinion dated September 28, 2012, Administrative Law Judge Brian B. Rippel ("ALJ") denied social security disability benefits to the plaintiff. [Doc. 9]. The ALJ determined that the plaintiff had the following severe impairments: spine disorder (lumbago and cervical spondylosis/scholiosis), fibromyalgia, hypertension, and obesity. When assessing the plaintiff's residual functional capacity, the ALJ found that:

> the claimant plaintiff is capable of performing sedentary work . . . except that she can lift five to seven pounds frequently and she requires a sit/stand option. The claimant cannot use bilateral foot controls, crawl, or climb ladders/ropes/scaffolds. She can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch. She should avoid concentrated exposure to extreme cold, extreme heat, and vibration; and should avoid all exposure to hazards.

*Id.* at 22. Nothwithstanding the above limitations, the ALJ determined that the plaintiff would be able to perform the duties of addresser/stuffer and bench worker. *Id.* at 26-27.

Because Magistrate Judge Seibert provided a detailed history of the plaintiff's medical history, the undersigned will dispense with the same. Rather, the undersigned will reference the pertinent records when applicable.

## II.  STANDARD OF REVIEW

When reviewing a Magistrate Judge's proposed findings of fact and recommendations, this Court must make a "*de novo* determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Although this Court will review the Magistrate Judge's R & R under a *de novo* standard of review, this Court's review of the underlying ALJ's decision is limited. *See* **Smith v. Schweiker**, 795 F.2d 343, 345 (4th Cir. 1986). Pursuant to 42 U.S.C. § 405(g) (West 2014), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The standard for the substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" **Richardson v. Perales**, 402 U.S. 389, 401 (1971) (citation omitted). When analyzing whether the ALJ's decision was supported by substantial evidence, this Court must determine whether the ALJ "consider[ed] all relevant evidence." **Sterling Smokeless Coal Co. v. Akers,** 131 F.3d 438, 339 (4th Cir. 1997). With these standards in mind, this Court will turn to the objections raised by the plaintiff.

### III. DISCUSSION

The plaintiff asserts two objections to the Magistrate Judge's R&R. First, the plaintiff asserts that the Magistrate Judge erred in finding that the ALJ's sit/stand requirement, contained in the ALJ's residual functional capacity ("RFC"), was sufficient and supported by the substantial evidence. Because the ALJ failed to define the boundaries of the plaintiff's sit/stand option requirement in his hypothetical to the VE, the plaintiff argues that the VE's testimony cannot serve as substantial evidence. Second, plaintiff argues that the Magistrate Judge used post hoc rationale to support the ALJ's decision. According to plaintiff, the ALJ ignored Dr. Nutter's opinion, and the ALJ failed to discuss the doctor's findings or what weight he attached to those findings.

3

### A. Incomplete Hypothetical Regarding the Sit/Stand Limitation

First, plaintiff argues that because the ALJ failed to define the boundaries of the plaintiff's sit/stand limitation in the hypothetical posed to the VE, the VE's testimony cannot serve as substantial evidence. The ALJ determined that the plaintiff has "the residual functional capacity to perform sedentary work . . . except that she can lift five to seven pounds frequently and she requires a sit/stand option." When forming the RFC, the ALJ gave the greatest weight to the single decision maker, Ferdad Roidad, ("SDM Roidad"), whose report was later affirmed by Rogelio Lim, M.D. [Doc. 9-1 at 66]. SDM Roidad noted that plaintiff was limited in standing and sitting. He stated that plaintiff could 1) stand and/or walk for a total of at least 2 hours, and 2) sit for total of 6 hours in an 8 hour workday, but must periodically alternate sitting and standing to relieve pain or discomfort. [Doc. 9-1 at 68]. In his explanation, SDM Roidad stated that plaintiff should work at a job which permits her to change from sitting to standing every 30 minutes.

In the ALJ's hypothetical to the VE, he asked "assume an individual of the claimant's age, education and work experience; limited to work at the sedentary exertion level; the sit/stand option, allowing the person to alternate between sitting or standing positions throughout the day, while remaining on task; . . .." [Doc. 9-2 at 5]. The VE testified that the individual could not perform any of the plaintiff's previous work, which was categorized as a light or medium exertional level. However, with these limitations, the VE testified that this individual could perform sedentary work including an addresser/stuffer and bench worker. The VE acknowledged that the "DOT does not address a sit/stand option . . ., but most employers will allow an individual to sit or stand at these type - - at this type of work if they can remain on task." [Doc. 9-2 at 6]. The ALJ then defined the sit/stand option and asked

4

"would those jobs be able to accommodate sedentary, as defined here, as lifting up to ten pounds occasionally; five to seven pounds frequently; standing and walking two hours and sitting up to six hours in an eight hour work day, with normal breaks . . . ?" The VE answered in the affirmative.

The plaintiff argues that because the ALJ did not include the requirement to sit/stand "at will," the hypothetical to the VE was incomplete and could not have served as substantial evidence to support the number of jobs available given these limitations. Here, although the ALJ did not recite SDM Roidad's findings verbatim, the ALJ's hypothetical to the VE was specific regarding the frequency of plaintiff's limitations. The ALJ's question included the "the sit/stand option, allowing the person to alternate between sitting or standing positions throughout the workday, while remaining on task . . . ."

Contrary to plaintiff's argument, the record reveals that the VE understood the hypothetical to mean that the individual would need to alternate between sitting and standing "at will." The VE responded that in the jobs of addresser/stuffer or bench worker "most employers will allow the individual to sit or stand as long as they can remain on task." The VE's answer demonstrates that these jobs could be done at either position.

Circuit courts do not require use of the exact language "at will" when posing the question to the VE. *See **Davis v. Apfel***, 239 F.3d 962, 966 (8th Cir. 2001). For instance, in ***Davis***, the claimant argued that the hypothetical was incomplete because it did not include the full extent of the claimant's impairments and made a similar argument as the present case. ***Id.*** Like the present case, the ALJ in ***Davis*** used the same language to describe the plaintiff's limitations in the hypothetical, including "alternate between sitting

and standing." The Eighth Circuit found no error and interpreted this language to mean "at will." *Id.; see also* **Bentley v. Comm'r of Soc. Sec.**, 1:13-CV-163, 2014 WL 906587, *18 (N.D.W. Va. Mar. 7, 2014).

In support of this argument, the plaintiff also cites to Social Security Rulings 83-12, which acknowledges that many unskilled jobs do not accommodate an employee's need to alternate between sitting and standing. Yet, in **Wall v. Barnhart**, the Fourth Circuit discussed Ruling 83-12, and held that SSR 83-12 does not "prescribe a formula for assessing what jobs are available . . .." 296 F.3d 287, 291 (4th Cir. 2002). Rather, it directs the ALJ to consult with a vocational specialist to determine the number of jobs available with the sit/stand option. *Id.* Here, the ALJ satisfied this requirement: he consulted with the VE. In his hypothetical to the VE, the ALJ specifically included the limitation of "alternat[ing] between sitting or standing." Thus, plaintiff's argument is unpersuasive.

**B.     ALJ's Failure to Give Appropriate Weight to Medical Evidence**

Next, the plaintiff argues that the ALJ's analysis was insufficient because he 1) failed to consider each medical opinion in the record, 2) incorrectly assessed Dr. Nutter's physical evaluation, and 3) incorrectly considered the assessment of the Single Decision Maker ("SDM") as medical opinion. Plaintiff's objections pertain to the ALJ's step five determination.

At step five, the ALJ assesses the claimant's RFC, and if the ALJ determines that the claimant can "make an adjustment to other work," the ALJ will render the claimant not disabled. *See* 20 C.F.R. § 404.1520 (West 2014). The ALJ is directed to use all relevant medical and other evidence when assessing an individual's RFC. *See* 20 C.F.R. §

404.1545. This includes evidence from medical examinations, opinions from medical sources, and descriptions and statements from the applicant regarding the applicant's abilities. *See id.*

The ALJ's failure to specifically state a weight given to every opinion does not necessarily constitute the need for a remand. *See* **Stewart v. Apfel**, 182 F.3d 909, *4-5 (4th Cir. Jul. 12, 1999) (unpublished table decision) (relaxing the requirement in **Gordon v. Schweiker**, 725 F.2d 231, 235 (4th Cir. 1984)). Rather, the ALJ's opinion must demonstrate that the ALJ considered all relevant evidence to permit a court to conduct a meaningful review of his decision. *See* **Stewart**, at *4-5; *see also* **Hare v. Astrue**, No. 7:08 CV 36 FL, 2009 WL 873993, at *4 (E.D.N.C. Mar. 24, 2009).

1.  **Failure to Consider All Medical Evidence**

Plaintiff argues that the ALJ failed to consider all the medical evidence. Specifically, plaintiff argues that the ALJ failed to consider Exhibits 7F-11F because he did not discuss each exhibit individually. In his opinion, the ALJ referred to exhibits 7F-11F collectively and stated that he gave these the greatest weight when making his RFC determination. Notably, exhibits 7F and 10F were merely affirmations by subsequent reviewers that contained no additional information on the plaintiff's medical condition. Remanding an ALJ's decision because he failed to discuss a document that reported no additional information is contrary to the Court's reasoning in **Stewart** and **Gordon**. Moreover, the ALJ specifically discussed SDM Roidad's assessment stating "the claimant's treatment records do not suggest that she has limitations greater than those determined in the above residual functional capacity." Therefore, the ALJ's opinion shows that he reviewed the

7

relevant medical records.

### 2. Consideration of Dr. Nutter's exam

In plaintiff's motion for summary judgment, she argues that Dr. Stephen Nutter's evaluation was inconsistent with SDM Roidad. In making his RFC determination, the ALJ specifically discusses Dr. Nutter's opinion in addition to other medical evidence. *See* Doc. 9-1 at 24. Further, when SDM Roidad proposed a sedentary RFC for plaintiff, he specifically references findings from Dr. Nutter's report, stating "[h]er C-spine and shoulder ROM was not significantly decreased at her 3/29/2011 CE. She showed decreased LE strength and grip, but submaximal effort was noted and she was able to pick up coins and write. Giving the claimant the benefit of the doubt, a sedentary RFC is being proposed along with postural and environmental limitations." *See* Doc. 9-1 at 72. Therefore, the ALJ's RFC is supported by substantial evidence.

### 3. Consideration of Single Decision Maker's Report

Lastly, the plaintiff contends that the ALJ erred when he considered the assessment of SDM Roidad as a medical opinion, relying on ***Coggins v. Astrue***, 1:09-CV-405, 2011 WL 815269 (W.D.N.C. Jan. 28, 2011). The Court, in ***Coggins***, remanded the ALJ's decision when it appeared from the record that the ALJ characterized the SDM's report as a report from a physician. In addition to referring to the SDM as "doctor," the ALJ in ***Coggins*** adopted the report of the SDM and entirely disregarded a licensed physician's opinion.

As Magistrate Judge Seibert's R&R discusses, the facts of ***Coggins*** are distinguishable from the present case. First, nothing in the record indicates that the ALJ

mistakenly thought that SDM was a physician. Second, here, the ALJ did not entirely disregard a physician's opinion. Rather, the ALJ found that the medical records were consistent with the SDM's assessment. Thus, remand is not appropriate.

### IV. CONCLUSION

For the foregoing reasons, this Court is of the opinion that Magistrate Judge Seibert's Report and Recommendations **[Doc. 16]** should be and is **ADOPTED**. Further, the Plaintiff's Objections **[Doc. 17]** are **OVERRULED**. Therefore, the Defendant's Motion for Summary Judgment **[Doc. 13]** is **GRANTED** and the Plaintiff's Motion for Judgment on the Pleadings **[Doc. 12]** is **DENIED**.

Accordingly, this Court hereby **DENIES** and **DISMISSES** the plaintiff's Complaint **[Doc. 1]** and **ORDERS** the this matter be **STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.
**DATED**: October 30, 2014.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE